IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNARD RANDAL KERRICK, )<br>Reg. No. 34031-058 )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>FEDERAL BUREAU OF PRISONS, )<br> )<br>    Defendant. ) | <br><br><br><br><br>Case No. 2:23-cv-314-MHT-SMD<br>            (WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Around May 11, 2023, Plaintiff Bernard Randal Kerrick, a federal inmate held at the Montgomery County Detention Facility, filed a letter complaint styled as an "emergency motion" in which he alleged he was receiving inadequate medical care in the detention facility. (Doc. 1.) Kerrick's pleading was docketed as a 42 U.S.C. § 1983 complaint. Because Kerrick neither submitted the filing fee for civil actions with his complaint nor applied to proceed *in forma pauperis*, the court, on May 12, 2023, entered an order directing him to do one or the other by May 26, 2023. (Doc. 3.) In the same May 12 Order, the court ordered Kerrick to file an amended complaint, also by May 26, 2023, using the form used by inmates for filing 42 U.S.C. § 1983 actions. (*Id*. at 1–2.) To aid Kerrick in complying with its order, the court directed the Clerk to provide Kerrick with (1) the form affidavit used by persons seeking to proceed *in forma pauperis* and (2) the form used by prisoners to file § 1983 complaints. (*Id*. at 2.) The court advised Kerrick that

he must use these forms and cautioned him that his failure to comply with its order would result in a Recommendation that his case be dismissed. (*Id.*)

Kerrick has failed to comply with the directives of the court's May 12 Order. He has not submitted the filing fee or applied to proceed *in forma pauperis*, and he has not filed an amended complaint using the form for § 1983 complaints. Because of Kerrick's failure to comply with the court's order, the undersigned concludes that this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 25, 2023. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of July, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE